DAVID S. RATNER
DAVID RATNER LAW FIRM LLP
33 Julianne Ct.
Walnut Creek CA94595
(415) 817-1200 [Telephone]
(925) 891-3818 [Telecopier]
david@davidratnerlawfirm.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RAJIV GOSAIN AND HAPPY VALLEY ROAD, LLC,**<br>        **Plaintiffs**<br><br>vs.<br><br>**MERLIN LAW GROUP PA, DENISE SZE, MICHAEL DUFFY, AND WILLIAM MERLIN,**<br>        **Defendants** | Case No.: _____<br><br><br>**ORIGINAL COMPLAINT** |

## JURISDICTION

1. The Court has jurisdiction over this controversy by reason of diversity of citizenship and amount in controversy pursuant to the provisions of 28 USC 1332(a).

2. Plaintiff Rajiv Gosain is a U.S. citizen having a residence in the State of New Jersey.

3. Plaintiff Happy Valley Road LLC is a corporation organized under Delaware law with its principal place of business in Liechtenstein.

4. Merlin Law Group, PA is a professional association or other form of business entity having its principal place of business in the State of Florida but doing business and practicing law

*Original Complaint*                                          1

in the State of California. Merlin Law Group, PA may be served with process at its place of business at 2049 Century Park E, Suite 650, Los Angeles, California 90067-3131

5. Denise Sze is an individual residing in the State of California. She may be served with process at her office, 2049 Century Park E, Suite 650, Los Angeles, California 90067-3131.

6. Michael Duffy is an individual residing in the State of California. He may be served with process at his office, 2049 Century Park E, Suite 650, Los Angeles, California 90067-3131.

7. William Merlin is an individual residing in the State of Florida. He may be served by delivering a copy of the summons and Complaint to him at his office, 777 S. Harbor Island Blvd., Suite 950, Tampa, Florida 33602.

8. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## VENUE

9. Venue is proper in this District under the provisions of 28 USC 1391(b)(2). A substantial part of the acts or omissions giving rise to this cause of action occurred in the State of California and in this District.

## FACTS

10. On March 6, 2015 Plaintiffs entered into a contract with the law firm of Bergquist, Wood, McIntosh & Seto LLP, upon information and belief now known as Seto Wood & Schweickert LLP, pursuant to which they agreed to act as attorneys for Plaintiffs in connection with insurance coverage, insurance bad faith, and construction defect claims arising out of damage to certain real property owned by Plaintiff Happy Valley Road LLC in Orinda, California as well as related matters.

11. On or around November 2016 the Bergquist Defendants persuaded the Plaintiffs to allow them to associate in another law firm, the Merlin Law Group, P.A., and attorneys Denise

Sze, Michael Duffy, and William Merlin (hereafter sometimes collectively referred to as the Merlin Defendants) as co-counsel. Merlin Law Group was engaged to be jointly responsible for the conduct and handling of Plaintiffs' case. The Merlin Defendants, together with the Bergquist firm, agreed to handle Plaintiffs' cases under a contingency fee agreement. The Merlin Defendants and the Bergquist frim agreed to share the fees payable under the contingency fee agreement.

12.     Merlin Law Group represents and advertises itself as a national law firm specializing, and with unique expertise in, insurance coverage litigation.

13.     Merlin Defendants failed to take timely action to properly investigate, plead, prepare, and present Plaintiffs' case for trial as alleged in further detail below, among other acts and omissions that may be shown at trial.

14.     During the following months Defendants neglected Plaintiffs' case. They failed to amend Plaintiffs pleadings, failed and refused to take and/or attend key depositions, failed to conduct appropriate discovery, failed to properly schedule and manage discovery, failed to timely respond to important and potentially outcome determinative motions, and otherwise failed to properly plead, prepare and present Plaintiffs case among other acts and omissions. Further, the Defendants failed to properly investigate and defend counterclaims against Plaintiffs asserted by the bad faith defendants, and failed to defend and/or properly defend Plaintiffs against such counterclaims. Specifically, among other acts and omissions, Defendants failed to investigate allegations made by the insurance companies' defendant in the underlying case that Plaintiffs had committed fraud. Such allegations were based upon an investigation allegedly conducted in the Republic of India involving an alleged lease of Plaintiffs' property by a private investigator. Subsequent to the events complained of in this litigation it has been judicially determined that the private investigator, with the knowledge and assistance of the insurance carriers and their

representatives, had filed fraudulent reports upon which the counterclaims against Plaintiffs were based.

15. Disputes developed between the Defendants and Bergquist as to the apportionment of success fees initially agreed to between the two law firms directly and the respective roles and responsibilities of each in the underlying litigation. Disputes also arose concerning the defense of the counterclaims brought by the insurer-defendant in the underlying action. The Merlin Defendants took the position that they were not qualified or required to defend the counterclaim, and the Bergquist firm took the position that they were not obligated to provide such a defense. Defendants and the Bergquist firm also argued over the amount of time each was dedicating, or more accurately not dedicating, to Plaintiffs' case. As a result of these disputes Plaintiffs' case against its insurance carriers was not properly prepared or presented.

16. In January 2018, having failed to properly prepare Plaintiffs' case, having failed to use reasonable skill to investigate the facts of Plaintiffs' claims and the carrier's counterclaims, and having refused to defend the spurious and defensible counterclaims asserted by the insurer-defendants, Defendants moved to withdraw as Plaintiffs' counsel. They filed their motion knowing that the Bergquist firm had already withdrawn and that their withdrawal would leave Plaintiffs unrepresented in a complex insurance coverage case 3 months before trial.

17. With their threat to withdraw pending the Defendants coerced Plaintiffs to settle their case, telling Plaintiffs that the case could not be won. In truth the case could not have been won because Defendants had failed to investigate, plead and prepare the case for trial as any reasonably competent attorney would have done. Plaintiffs subsequently learned that, rather than properly handling Plaintiffs' legal affairs Defendants had spent their time, *inter alia,* arguing with the Bergquist firm over the division of fees and work on Plaintiffs' case. In so doing, Defendants

placed their own self- interest above the interests of their client in derogation of their professional duties. As a direct and proximate result of such acts and omissions which, among others, may be shown at trial, Plaintiffs were forced to abandon their bad faith claims in order to avoid liabilities to the bad faith defendant in the underlying case and amended counter-claim, sanctions, and other potential penalties. Such exposure on the part of Plaintiffs was generated entirely by the conduct and misconduct of the Defendants, and their failure to properly handle and prepare Plaintiffs' case.

18. Ultimately, Defendants induced Plaintiffs to settle their claims against various insurance carrier defendants in the underlying litigation in exchange for mutual releases of Plaintiffs' meritorious claims and the insurance carriers' fraudulent claims. The insurance bad faith claims Plaintiffs were forced to relinquish had a value of not less than $30 million according to defendants and their co-counsel. Indeed, the expert they engaged to investigate and value the bad faith case stated that Plaintiffs' claim against Chubb (Federal) Insurance company was amongst the top 5% of all claims he had ever seen in his long career spanning more than 40 years.

19. Throughout the time relevant to the Defendants' conduct Plaintiff Rajiv Gosain, who is the manager of Plaintiff Happy Valley Road, was gravely ill and unable to effectively deal with, or to objectively evaluate the implications and consequences of, the Defendants' conduct. The Defendants were actually aware of this fact.

20. As a result of the Defendants' conduct, Plaintiffs have suffered losses in excess of $30,000,000.00.

21. The Merlin Defendants have continued to represent Plaintiffs in related matters, *inter alia* a bad faith claim against certain underwriters at Lloyds London, and an attorney-client relationship has existed between them, up to the present time.

22. Recently, the Merlin Defendants have taken the position that they have a conflict of interest with Plaintiffs, in that they have been named as third party defendants in Case 3:18-cv-06343-CRB, styled Gosain, et al v. Bergquist Wood McIntosh, Seto, et al. Merlin has threatened to withdraw from representation in the Lloyds matter unless Plaintiffs agree to waive conflicts of interest.

23. Plaintiffs requested that Merlin further define the legal conflict of interest allegedly arising from their representation of Plaintiffs in the Lloyds case, but they have refused to do so.

24. Defendants have further advised Plaintiffs that the statute of limitations either has run or will soon expire on Plaintiffs' claims against Lloyds, but have refused to act in a timely manner to preserve Plaintiffs' rights and to protect their claims.

<u>CAUSES OF ACTION</u>

**NEGLIGENCE**

25. Plaintiffs repeat and reallege the allegations in paragraphs 1-24 above.

26. Defendants failed to exercise the requisite standard of professional care and ethics in representing Plaintiffs, and such failures proximately have caused and will cause Plaintiffs to sustain substantial monetary damages, as yet unliquidated, but greatly exceeding the minimum jurisdictional limits of the Court.

**BREACH OF CONTRACT**

27. Plaintiffs repeat and reallege the allegations in paragraphs 1—24 above.

28. Defendants contracted and agreed to represent Plaintiffs in connection with the underlying litigation, but have failed to do so, or have failed to do so in the manner agreed.

29. Further, Defendants agreed to properly handle Plaintiffs' claims against Lloyds but have either allowed the statute of limitations to expire or have communicated that they intend to do so.

**BREACH OF FIDUCIARY DUTIES, MONEY HAD AND RECEIVED, AND FRAUD**

30. Plaintiffs repeat and reallege the allegations in paragraphs 1—24 above.

31. Defendants breached their professional and fiduciary duties to Plaintiffs by elevating their own interests above that of their clients, by failing to inform Plaintiffs that Defendants had not prepared Plaintiffs' case against Federal Insurance and related companies for trial, by failing to properly handle discovery and motion practice, by failing to attend depositions, by failing to reveal to Plaintiffs that Defendants' lacked, the skill, experience, staff, and/or resources required to properly handle Plaintiffs' claims, and by other acts and omissions that may be shown at trial.

32. Defendants also misrepresented and/or failed to disclose to Plaintiffs the true value of their claims, and the true reasons for Defendants' desire and imperative to settle the construction claims for far less than their proper value.

33. Defendants concealed their misconduct and negligence from Plaintiffs, and Plaintiffs were not able to discover it until weeks before commencing this action.

34. Defendants have misappropriated property that belongs to Plaintiffs.

35. Defendants undertook to represent Plaintiffs in their claims against certain underwriters at Lloyds London. While elevating their own interests above Plaintiffs' they allowed, or will allow, the statute of limitations to expire on such claims, among other acts and omissions that may be shown at trial.

**CONSPIRACY, JOINT VENTURE, AND JOINT AND SEVERAL LIABILITY**

36. Plaintiffs repeat and reallege the allegations in paragraphs 1-24 above.

37. Defendants and the Bergquist firm were jointly responsible for the handling of Plaintiffs' case. They acted in concert to breach their fiduciary duties to Plaintiffs.

38. Further, Defendants are responsible for the acts and omissions of the Bergquist firm under their agreement with Plaintiffs, or as joint venturers or participants in a joint enterprise, or as agents of one another.

### PRAYER

**WHEREFORE** Plaintiffs request the following relief:

1. That citation issue compelling the Defendants to appear and answer;

2. That the Court appoint a person to serve the citation upon Defendants if they fail to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure;

3. That after trial judgment be entered in Plaintiffs' favor for all damages and relief assessed by the finder of fact;

4. That Plaintiffs be awarded punitive or exemplary damages, costs and attorneys' fees; and

5. That Plaintiffs be awarded such other relief, special and general, as they may be entitled to receive.

Dated this January 30, 2020                     Respectfully submitted,

/s/ David R. Ratner
David R. Ratner
Bar No. 316267
DAVID RATNER LAW FIRM, LLP
33 Julianne Court
Walnut Creek, California 94595
(415) 817-1200 [Telephone]
(925) 891-3818 [Telecopier]
david@davidratnerlawfirm.com
*ATTORNEY FOR PLAINTIFFS*